UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALICIA RODRIGUEZ,

     Plaintiff,

v.                              Case No.  4:19-cv-00066-MW-CAS

MAXIM HEALTHCARE SERVICES,
INC.

     Defendant.

_____/

## DEFENDANT MAXIM HEALTHCARE SERVICES INC.'S MOTION TO STAY DISCOVERY PENDING COURT'S RULING ON MOTION TO DISMISS

Defendant Maxim Healthcare Services, Inc., moves to stay discovery pending the Court's ruling on its Motion to Dismiss Plaintiff's Second Amended Complaint, which it will file on or before November 18, 2019,[1] and as grounds states the following.

### I.    BACKGROUND

1.    The instant action is a lawsuit alleging violation of the Florida Private Whistleblower Act, Fla. Stat. §§448.101, *et. seq*.  (Dkt. 29).

---

[1] Defendant is moving for the stay now, as opposed to after it files its Motion to Dismiss the Second Amended Complaint on or before November 18, 2019, as currently, the discovery deadline is November 1, 2019.

2.      Plaintiff's original Complaint was filed in state court on October 9, 2018.

3.      After Defendant timely removed the case, it filed a Motion to Dismiss. (Dkt. 4).  In response, Plaintiff filed an Amended Complaint on February 21, 2019. (Dkt. 7).

4.      Defendant filed a Motion to Dismiss the Amended Complaint. (Dkt. 12) on March 7, 2019.

5.      On October 3, 2019, this Courted issued an Order Granting Defendant's Motion to Dismiss Amended Complaint Without Prejudice. (Dkt. 28).

6.      On October 21, 2019, Plaintiff filed a Second Amended Complaint. (Dkt. 29).

7.      Pursuant to an extension that this Court granted, Defendant will file its Motion to Dismiss the Second Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 8, 12(b)(6) or before November 18, 201.

8.      The Parties have not yet completed discovery. In an effort to avoid the expense of depositions, the Parties previously agreed to stay the case, with this Court's permission. On August 19, 2019, this Court issued an Order Granting Motion to Stay Case. (Dkt. 27).

9.      On October 29, 2019, this Court issued an Order Lifting Stay. (Dkt. 32).

10.     Currently, the discovery deadline is November 1, 2019.

11.     This case is set for trial on April 20, 2020, which presents a conflict for defense counsel who have preexisting trial settings in April 2020.

12.     Counsel for Plaintiff has informed undersigned counsel that Plaintiff intends to take ten depositions.  The costs of preparing for those ten depositions as well as Plaintiff's deposition will cost both parties several thousands of dollars and a nearly a week of time devoted to this case.

13.     Depending upon the ruling on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, which is potentially dispositive of the entire litigation, these expenditures could potentially be unnecessary.

14.     Accordingly, a stay is justified pending the Court's ruling on Defendant's Motion to Dismiss the Second Amended Complaint, as the outcome of such motion will wholly determine the status of this litigation, including whether the litigation remains pending.

## II.   ARGUMENT

District courts have broad discretion to stay discovery.  *See* Fed. R. Civ. P. 26; *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("district courts enjoy broad discretion in deciding how best to manage the cases before them").  Within this discretion is the authority to resolve legal issues before the parties incur the burdens that frequently accompany discovery.  *Id.*  Defendant

3

respectfully requests that the Court exercise this discretion and stay the upcoming discovery deadline.

"Potentially dispositive motions filed prior to discovery weigh heavily in favor of issuing a stay." *Solar Star Sys., LLC v. Bellsouth Telecommunications, Inc.,* No. 10-21105-CIV, 2011 WL 1226119, at *1 (S.D. Fla. 2011). In deciding whether to stay discovery pending resolution of a motion challenging the legal viability of a complaint, the Court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). When making this determination, the Court must "take a preliminary peek" at the motion seeking dismissal of the complaint. *Verrier v. Perrino*, No. 2:14-CV-744-FTM-29CM, 2016 WL 3655295, at *1 (M.D. Fla. 2016) (granting defendant's motion to stay discovery because of high cost of potential discovery). The Eleventh Circuit directs, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367 (vacating district court's order compelling discovery entered during pendency of motion to dismiss).[2]

---

[2] *See also Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (affirming district court's suspension of discovery pending resolution of motion for judgment on the pleadings); *Cotton v.*

In *Patterson v. United States Postal Service,* 901 F.2d 927 (11th Cir. 1990), the Eleventh Circuit held that the district court did not abuse its discretion by staying discovery pending dispositive motions. The Court held, "[u]pon a careful review of the record we conclude that the district court had sufficient information before it upon which to rule, and that further discovery was not likely to produce a genuine issue of material fact." *Id*. at 929.

The same analysis applies here. Defendant's Motion to Dismiss the Second Amended Complaint, which will be filed on or before November 18, 2019, is based upon the legal sufficiency of Plaintiff's Second Amended Complaint. As such, no discovery is necessary to resolve the motion. *See also Landmark Equity Fund II, LLC v. Residential Fund 76, LLC,* No. 13-20122-CIV, 2013 WL 12144068, at *1 (S.D. Fla. 2013) (granting motion to stay discovery pending motion to dismiss that would potentially dispose of claims).

Similarly, in *Chudasama*, the Eleventh Circuit noted that a motion to dismiss "always presents a purely legal question." *Chudasama*, 123 F.3d at 1367. Indeed, "there are no issues of fact because the allegations contained in the pleading are presumed to be true" and, therefore, "neither the parties nor the court have any need

---

*Mass. Mut. Life Ins. Co.,* 402 F.3d 1267, 1292 (11th Cir. 2005) (holding that legal sufficiency of employee's fraud claims should have been resolved before discovery began); *Moore v. Potter,* 141 F. App'x 803, 807-08 (11th Cir. 2005) (affirming district court's stay of discovery pending dispositive motion).

for discovery before the court rules on the motion."  *Id.; see also Kaylor v. Fields*,

661 F.2d 1177, 1184 (8th Cir. 1981) ("[d]iscovery should follow the filing of a well-

pleaded complaint.  It is not a device to enable a plaintiff to make a case when his

complaint has failed to state a claim.").

In concluding that challenges to the legal viability of a complaint should be

resolved before discovery, the Eleventh Circuit examined the litany of burdens and

expenses that discovery places not only on the parties, but also on the court, which

may be avoided by a court's ruling on a motion to dismiss:

> Discovery imposes several costs on the litigant from
> whom discovery is sought.  These burdens include the
> time spent searching for and compiling relevant
> documents; the time, expense, and aggravation of
> preparing for and attending depositions; the costs of
> copying and shipping documents; and the attorneys' fees
> generated in interpreting discovery requests, drafting
> responses to interrogatories and coordinating responses to
> production requests, advising the client as to which
> documents should be disclosed and which ones withheld,
> and determining whether certain information is privileged.
> The party seeking discovery also bears costs, including
> attorneys' fees generated in drafting discovery requests
> and reviewing the opponent's objections and responses.
> Both parties incur costs related to the delay discovery
> imposes on reaching the merits of the case.  Finally,
> discovery imposes burdens on the judicial system; scarce
> judicial resources must be diverted from other cases to
> resolve discovery disputes.
>
> If the district court dismisses a nonmeritorious claim
> before discovery has begun, unnecessary costs to the
> litigants and to the court system can be avoided.
> Conversely, delaying ruling on a motion to dismiss such

claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. **Allowing a case to proceed through the pretrial processes with an invalid claim does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.**

*Chudasama*, 123 F.3d at 1367-1368 (emphasis supplied). Thus, the clear message from *Chudasama* is that a district court should rule on a motion to dismiss as a threshold matter to minimize the risk of abusive and unnecessary discovery.

Here, as in *Chudasama*, a stay of discovery will save or defer substantial judicial resources and avoid duplication of effort and legal expense. Plaintiff intends to take ten depositions and Defendant will depose Plaintiff should this case continue. Discovery cannot be conducted in a vacuum. At this time, Defendant's Motion to Dismiss the Second Amended Complaint, which will be filed on or before November 18, 2019, argues Plaintiff cannot maintain the claim she has brought; so, discovery cannot logically continue in this case without a viable claim. Accordingly, a stay of discovery should be entered in this case. Should Plaintiff's claim remain pending upon the resolution of Defendant's Motion to Dismiss the Second Amended Complaint, a scheduling order dictating the progression of this case will negate any possible claim of prejudice that Plaintiff could allege.

7

WHEREFORE, Defendant Maxim Healthcare Services, Inc., requests that the Court stay discovery pending the Court's Order on its Motion to Dismiss Plaintiff's Second Amended Complaint, which it will file on or before November 18, 2019.

## CERTIFICATE OF CONFERRAL

Undersigned counsel certifies that she conferred with counsel for Plaintiff regarding this Motion on October 29, 2019, and she indicated that she does not consent.

Dated:  November 1, 2019                          Respectfully submitted,

*/s/ Sarah J. Kuehnel*
Sarah J. Kuehnel
Florida Bar No. 124765
sarah.kuehnel@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
495 Grand Boulevard, Suite 206
Miramar Beach, Florida 32550
Telephone: (850) 428-4931
Facsimile: (314) 802-3936

Sara G. Sanfilippo
Florida Bar No. 113399
sara.sanfilippo@ogletree.com
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL  33602
Telephone: (813) 289-1247
Facsimile:  (813) 289-6530
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send an electronic copy to all counsel of record.

I FURTHER CERTIFY that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this notice via U.S. mail.

/s/ *Sarah J. Kuehnel*
Attorney

40541338.1

9